The Honorable Michael Lamoureux State Representative 312 West Main Street Russellville, AR 72081
Dear Representative Lamoureux:
I am writing in response to your request for an opinion on the following matter:
 Do Sheriff's [sic] have the authority to delegate constables the ability to service civil process papers?
RESPONSE
No. In my opinion, there is no authority under the current law for a sheriff to delegate the service of civil process under the Arkansas Rules of Civil Procedure to anyone, including a constable. The only exception is that such process may be served on a sheriff's behalf by one of his deputies. I should note that a constable is independently authorized to serve civil process papers from a district court under Ark. Dist. Ct. R. 5(a) (2005).
The Arkansas Rules of Civil Procedure describe the manner in which complaints, summons, notices, writs, or other papers are to be served on a party in a civil suit in circuit court.[1] Ark. R. Civ. Pro. 4(a), and (j). One of my predecessors, relying on A.C.A. § 16-58-107(2) (1987) stating "[a] summons may be served . . . by any person appointed by the officer to whom the summons is directed," opined that a constable could serve a summons if appointed by the sheriff. Op. Att'y Gen. 91-030; seealso Ops. Att'y Gen. 86-63, 91-039, and 91-090. At that time, the pertinent text of Ark.R.Civ. Pro. 4 read, "Upon the filing of the complaint, the clerk shall forthwith issue a summons and cause it to be delivered for service to a sheriff or to a person appointed by the court or authorized by law to serve process." Ark. R. Civ. Pro. 4(a) (2000) (emphasis added). My predecessor also noted the discrepancy between this statute and Ark. R. Civ. Pro. 4(c) stating:
 To the extent that [A.C.A. § 16-58-107(2)] would allow a sheriff to appoint someone to serve a summons for him, this provision appears to conflict with Rule 4(c). The Arkansas Supreme Court has recently held that when such a conflict arises between a court rule and an act of the legislature, the court will defer to the General Assembly only to the extent that the court rule's primary purpose and effectiveness are not compromised; otherwise, the court's rule remains supreme. See State v. Sypult, 304 Ark. 5, 800 S.W.2d 402 (1990). Allowing the sheriff to appoint someone to serve a summons for him would not appear to compromise the primary purpose and effectiveness of ARCP Rule 4(c), which is presumably the prompt and accurate service of summons. For that reason, § 16-58-107(2) should be read as providing an additional method of service to that provided in Rule 4(c).
Op. Att'y Gen. 91-030.
The Arkansas Supreme Court resolved the conflict noted above when it amended Rule 4 of the Arkansas Rules of Civil Procedure in 2001. The current Rule 4 of the Arkansas Rules of Civil Procedure reads, in the pertinent part:
 (a) Issuance. Upon the filing of the complaint, the clerk shall forthwith issue a summons and cause it to be delivered for service to a person authorized by this rule to serve process.
* * *
 (c) By Whom Served. Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy, unless the sheriff is a party to the action; (2) any person not less than eighteen years of age appointed for the purpose of serving summons by either the court in which the action is filed or a court in the county in which service is made[.]
* * *
 (j) Service of Other Writs and Papers. Whenever any rule or statute requires service upon any person, firm, corporation or other entity of notice, writs, or papers other than a summons and complaint, including without limitation writs of garnishment, such notices, writs or papers may be served in the manner prescribed by this rule for service of a summons and complaint.
Ark.R.Civ. Pro. 4 (2005) (emphasis added).
This change narrowed who could serve a summons to the persons listed in Rule 4(c). Rule 4(c) only allows for service of process by the sheriff or a deputy sheriff and a person appointed by the court when personal service of process is effected inside the state. The court added in the reporter's notes that the adoption of this rule superseded conflicting provisions of the Arkansas code relating to the service of process, specifically A.C.A. §§ 16-58-107, -108, -109, -112, -113, -118, and -119. Ark. R. Civ. Pro. 4, Reporters Notes, 2001 Amend. Furthermore, the court noted that unless the statutes were superseded, the purpose of restricting who may serve process of Rule 4(c) would be defeated. Id.
Accordingly, it is my opinion that the statute previously authorizing a sheriff to delegate the authority to serve a civil summons from a circuit court to a constable has been superseded by the current edition of the Arkansas Rules of Civil Procedure. To the extent my predecessor's opinion states otherwise, it is no longer correct.
With respect to the service of process other than a summons, my predecessor opined that Ark.R.Civ. Pro. 4(k), now Ark.R.Civ.Pro. 4(j), would allow a sheriff to delegate the authority to serve such process for the same reasons that the sheriff could delegate the authority to serve a summons. As discussed above, this practice is no longer acceptable according to the Arkansas Supreme Court.
With respect to district courts, the Arkansas District Court Rules govern the proceedings. Rule 5(a) specifically directs service of process for a civil suit commenced in district court to a sheriff or a constable. Dist.Ct.R. 5(a) (2005). In this situation, it would be unnecessary for the sheriff to delegate the authority to serve civil process papers because the rules specifically authorize a constable to serve them.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh
[1] If the service of process requires the seizure of property, the service shall be executed as otherwise required by law. Ark. R. Civ. Pro. 4(j) (2005).